In re William Theodore
**LEWIS, Jr., Debtor.**

**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, Plaintiff,**

v.

**William Theodore LEWIS, Jr., Defendant.**

**Bankruptcy No. 91–71689 LL.
Adv. No. 91–7169.**

United States Bankruptcy Court,
C.D. Illinois.

May 6, 1992.

---

William F. Moran, III, Sr. Counsel, Springfield, IL, for Attorney Registration and Disciplinary Com'n of the Supreme Court of Illinois.

William Theodore Lewis, Jr., pro se.

## MEMORANDUM OF DECISION

BASIL H. COUTRAKON, Bankruptcy Judge.

On November 2, 1990 William Theodore Lewis, Jr., the Defendant, was disbarred by the Supreme Court of Illinois. On July 26, 1991 the Supreme Court assessed disciplinary costs in the amount of $5,010.46 against the Defendant pursuant to Illinois Supreme Court Rule 773. On the same date, the Supreme Court entered judgment against the Defendant in favor of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, the Plaintiff, in the same amount. The costs and judgment remain outstanding. On July 31, 1991 the Defendant filed a petition pursuant to Chapter 7 of the Bankruptcy Code and listed the unpaid disciplinary costs as a debt.

On November 4, 1991 this adversary proceeding was commenced by the Plaintiff. The Plaintiff is seeking a declaration that the disciplinary costs assessed against the Defendant are a nondischargeable debt pursuant to Section 523(a)(7) of the Bankruptcy Code. Section 523(a)(7) states,

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty ...

The Defendant has denied that the disciplinary costs are nondischargeable. The matter is before the Court on the Plaintiff's Motion for Summary Judgment. The issues to be decided are whether a genuine issue of material fact exists on the record before the Court and whether the Plaintiff is entitled to a judgment as a matter of law. For the reasons set forth below, the Court finds that there are no genuine issues of material fact and the Plaintiff is entitled to a judgment in its favor as a matter of law.

Federal Rule of Civil Procedure 56(c), applicable to this proceeding pursuant to Bankruptcy Rule 7056, requires that summary judgment shall be entered on behalf of the moving party if the pleadings and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

The Court finds the material facts in this matter to be:

1. The Defendant was an attorney licensed to practice law in the State of Illinois;

2. The Defendant was disbarred by the Supreme Court of Illinois for engaging in attorney misconduct. The facts concerning the Defendant's misconduct are found in the Supreme Court's opinion. *In re Lewis*, 138 Ill.2d 310, 149 Ill.Dec. 734, 562 N.E.2d 198 (1990);

3. The Supreme Court of Illinois assessed disciplinary costs against the Defendant in the amount of $5,010.46 pursuant to Illinois Supreme Court Rule 773. The Supreme Court also entered judgment against the Defendant and in favor of the Plaintiff in the same amount; and

4. The disciplinary costs and judgment remain unpaid.

There is no genuine issue as to any of the material facts set forth above. The Defendant admits that he was an attorney admitted to the practice of law in the State of Illinois and that he was disbarred by the Supreme Court of Illinois on November 2, 1990. Answer to Complaint to Determine the Dischargeability of a Debt (Answer), par. 6. The Defendant further admits that disciplinary costs were assessed against him and a judgment for those costs was entered against him by the Supreme Court of Illinois in favor of the Plaintiff. There is no question that the costs and judgment remain outstanding. Answer, pars. 12 and 13. Therefore, the only issue which remains is whether the Plaintiff is entitled to a judgment as a matter of law.

To be nondischargeable pursuant to Section 523(a)(7) of the Bankruptcy Code, the disciplinary costs assessed against the Defendant must be payable to a "governmental unit" and be in the nature of a "fine, penalty, or forfeiture", not compensation for actual pecuniary loss. The Court finds that the Plaintiff has satisfied the requirements of the rule by clear and convincing evidence.

The issue in this proceeding, the dischargeability of attorney disciplinary costs, was recently decided by the United States Bankruptcy Court for the Eastern District of Wisconsin in *In re Haberman*, 137 B.R. 292 (1992). The Court in *Haberman* determined that the Plaintiff's counterpart in the State of Wisconsin, the Board of Attorneys Professional Responsibility (BAPR), was a governmental unit and that disciplinary costs assessed against an attorney after a finding of misconduct were in the nature of a fine, penalty or forfeiture. The Court adopts the reasoning of Judge Shapiro in the *Haberman* decision.

▇▇▇ The Supreme Court of Illinois has the inherent authority to regulate the admission of attorneys to the bar and to discipline those who have been admitted to practice. The Plaintiff merely acts as the Supreme Court's agent in administering its disciplinary function. *In re Mitan*, 75 Ill.2d 118, 25 Ill.Dec. 622, 387 N.E.2d 278,

*cert. denied,* 444 U.S. 916, 100 S.Ct. 231, 62 L.Ed.2d 171 (1979). Therefore, there is no question that the Plaintiff is a governmental unit.

■ The disciplinary costs assessed against the Defendant are a fine, penalty or forfeiture because they are penal in nature. Disciplinary costs can not be assessed pursuant to Illinois Supreme Court Rule 773 unless an attorney has been disciplined for engaging in attorney misconduct. 134 Ill.2d R. 773(b) (1990).

The Defendant was disbarred for engaging in attorney misconduct which included commingling and conversion of client funds, neglecting legal matters and engaging in acts of dishonesty, fraud, deceit or misrepresentation. *In re Lewis, supra.* The costs assessed against the Defendant are part of his punishment for engaging in attorney misconduct.

■ The costs assessed against the Defendant are not compensation for an actual pecuniary loss to the Plaintiff. The Plaintiff's operating expenses are provided by the collection pursuant to Illinois Supreme Court Rule 756 of an annual registration fee from attorneys. 134 Ill.2d R. 756 (1990). The Plaintiff is not dependent upon the collection of disciplinary costs in order to operate. Disciplinary costs in this regard are synonymous to a fine imposed as a component of a criminal sentence to be paid to the State. Therefore, pursuant to Section 523(a)(7) of the Bankruptcy Code, these costs are nondischargeable.

The costs imposed against the Defendant are nondischargeable in the amount of $5,010.46 together with interest on the judgment of the Supreme Court of Illinois from July 26, 1991 at the rate of 9% per annum (pursuant to Ill.Rev.Stat., Chap. 110, Sec. 2–1303) and costs consisting of the $120 adversary filing fee.

This memorandum shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.