51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of John A. BETTS, Debtor-Appellant.
In the Matter of John A. BETTS, Debtor.
Appeal of Kenneth A. KOZEL.
 Nos. 94-2018, 94-2668.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 18, 1995.
Decided March 14, 1995.
 
 1
 Before COFFEY and EASTERBROOK, Circuit Judges, and McDADE, District Judge*.
 
 ORDER
 
 2
 On September 29, 1982, the Administrator of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC") charged attorney John A. Betts with knowingly making false statements in a petition for conservatorship, knowingly creating false evidence, and engaging in conduct involving dishonesty, deceit and misrepresentation. After a hearing on these charges, the ARDC's Hearing Board found that Betts had committed all of the actions charged and recommended that his license to practice law be suspended for one year. On review, the Supreme Court of Illinois found that Betts had made misrepresentations in the conservatorship petition and ordered the suspension of his license to practice law for six months.
 
 
 3
 Illinois Supreme Court Rule 773 requires a disciplined attorney to reimburse the ARDC for all costs incurred in the investigation, hearing and review of the charges made against the attorney. On June 25, 1991, The Supreme Court of Illinois entered an order allowing the ARDC's petition for costs assessed against Betts in the amount of $3,833.06.
 
 
 4
 On October 11, 1991, Betts filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. The ARDC commenced an adversary proceeding to determine whether the costs assessed against Betts for the disciplinary proceedings were dischargeable under 11 U.S.C. Sec. 523(a)(7). The bankruptcy court granted summary judgment in favor of the ARDC, finding that Betts's debt was not. dischargeable. The district court affirmed, and Betts's attorney, Kenneth A. Kozel, filed a motion to alter or amend the judgment. The district court rejected Kozel's motion as frivolous and ordered Kozel to pay sanctions, pursuant to Bankruptcy Rule 9011 and the inherent powers of the court, in the amount of $1,000. Betts appeals the district court's order affirming summary judgment in favor of the ARDC and Kozel appeals the district court's imposition of sanctions. We affirm.
 
 
 5
 A. The Nondischargeability of Disciplinary Proceeding Costs Imposed Pursuant to Illinois Supreme Court Rule 773
 
 
 6
 A debtor in bankruptcy cannot discharge a debt for "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit" which is "not compensation for actual pecuniary loss, ...." 11 U.S.C. Sec. 523(a)(7). Betts does not dispute that the ARDC is a governmental unit for the purpose of applying section 523(a)(7); his appeal rests on the characterization of the disciplinary proceeding costs the Illinois Supreme Court ordered him to pay.
 
 
 7
 The assessment of a monetary sanction against an attorney after disciplinary proceedings constitutes a fine, penalty or forfeiture within the meaning of section 523(a)(7). In re Haberman, 137 B.R. 292 (Bankr.E.D.Wis.1992). Such costs are not compensation for actual pecuniary loss. Id. at 295. In Haberman, the Wisconsin Supreme Court suspended an attorney's license to practice after finding that he had engaged in professional misconduct. The court ordered the attorney to pay the costs of the disciplinary proceedings and the attorney subsequently attempted to discharge this debt in bankruptcy. The bankruptcy court held that this debt was nondischargeable:
 
 
 8
 Even though assessed costs may result in reimbursement to [the state disciplinary board] compensation is not the primary objective of rule. Rather, the rule is primarily intended to deter attorneys from engaging in improper conduct and to convey the message to attorneys and to the public alike that the practice of law is closely scrutinized in order to maintain the Bar's integrity and high standards of professional conduct. Reimbursed costs to [the state disciplinary board] do not represent any "actual" pecuniary loss.
 
 
 9
 Id.
 
 
 10
 We see no reason to characterize the costs assessed against Betts any differently. Illinois Supreme Court Rule 773 requires an attorney to reimburse the ARDC for the costs of a disciplinary proceeding only when the proceeding "result[s] in the imposition of discipline." (Emphasis added.) See Attorney Registration and Disciplinary Commission v. Lewis, 151 B.R. 200 (Bankr.C.D.Ill.1992) (because disciplinary costs are only assessed against attorneys who have engaged in misconduct, the costs assessed are punitive). We agree with the district court, that "Rule 773 makes it clear that the imposition of costs is punitive in nature: imposition of costs is triggered, in each instance, by misconduct on the part of the respondent attorney." Because the costs assessed under Illinois Supreme Court Rule 773 are punitive in nature, and not compensation for actual pecuniary loss, those costs are not dischargeable in bankruptcy.
 
 B. The Sanctions Against Attorney Kozel
 
 11
 On appeal, we review the imposition of sanctions pursuant to Bankruptcy Rule 9011 as well as pursuant to the inherent power of the court for abuse of discretion. In re Excello Press, Inc., 967 F.2d 1109, 1112 (7th Cir.1992); Chambers v. Nasco, Inc., 501 U.S. 32, 111 S.Ct. 2123, 2138, 115 L.Ed.2d 27 (1991). We have reviewed Kenneth A. Kozel's various filings with the district court, which included, among other things, nonsensical arguments unsupported by caselaw, and which contained repeated vituperative personal attacks on the court and the court's staff. In light of this egregious misconduct, we believe that the district court acted with remarkable restraint in imposing sanctions of only $1,000.
 
 
 12
 The district court's order affirming summary judgment in favor of the ARDC is AFFIRMED. The district court's order imposing sanctions against attorney Kenneth A. Kozel in the amount of $1,000 is AFFIRMED.
 
 
 
 *
 The Honorable Joe Billy McDade, of the Central District of Illinois, sitting by designation