IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jan S. WHEELER, Attorney at Law.

Supreme Court

*No. 81–2459–D. Filed August 11, 1982.*
(Also reported in 322 N.W.2d 885.)

574

*PER CURIAM.*   *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On December 23, 1981, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Jan S. Wheeler, an attorney admitted to practice law in Wisconsin since 1965, and who is employed by the State of Wisconsin in Madison, was guilty of unprofessional conduct by knowingly and intentionally obstructing a police officer attempting to arrest his wife at their residence pursuant to a bench warrant, for which the respondent was convicted of a misdemeanor in circuit court for Dane county. The complaint alleged that such conduct constituted a lack of respect due courts of justice and judicial officers, in violation of SCR 40.13 and 21.05 (2) and (3). The second count of the complaint alleged that

the respondent failed to turn over to a former client's attorney files belonging to that client, despite numerous requests to do so from the attorney. It was alleged that such conduct violated SCR 20.16(1)(b). The third count of the complaint alleged that the respondent violated the conditions imposed by this court's December 21, 1979 order publicly reprimanding the respondent for unprofessional conduct by failing to file affidavits of compliance and failing to return his client's files. It was alleged that such conduct violated SCR 21.05(2).

We referred the matter to the Hon. Edwin M. Wilkie as referee pursuant to SCR 21.09(4). The respondent filed his answer to the complaint on January 5, 1982, in which he admitted to his conviction but denied that his conduct violated the pertinent court rules. In response to the second count of unprofessional conduct, the respondent alleged that he delivered the requested files to the attorney to whom he had transferred other files pertaining to the same client and asked that they be forwarded to the client's new attorney. On the third count, the respondent denied his failure to comply with the court's order and affirmatively alleged that he continued to comply with the provision in that order requiring him to turn over to other counsel or return to his clients the files of his private clients within 10 days of the date of that order and to file an affidavit of compliance with the Board. He also alleged that he had substantially complied with the provision that he file with the Board every six months after the date of the order an affidavit indicating his compliance with the terms of the order by filing his certificate stating that since the date of the order he had not engaged in the private practice of law on behalf of individual private clients. The respondent filed an amended answer on April 5, 1982, in which he set forth additional affirmative defenses.

Following a hearing, the referee filed his report and recommendation with the court on May 3, 1982. The referee rejected the affirmative defenses set forth in the respondent's amended answer and found that the respondent's conduct in obstructing a police officer in the performance of official duties in carrying out the bench warrant, which the respondent knew was court process issued by a judge in his official capacity, constituted a lack of respect due to the courts of justice and judicial officers under the Attorney's Oath and in violation of SCR 21.05(3) and 40.13. As to the second count, the referee found that the respondent acted in good faith and with no intent to be uncooperative in the return of a former client's files to other counsel and that the client was not materially prejudiced through delay by the respondent's failure to respond to the request for delivery of the files. The referee concluded that such conduct did not violate SCR 20.16. On the third count, the referee found that the respondent did not file affidavits with the Board every six months indicating his compliance with the terms of this court's order but that he did file an affidavit on March 9, 1982, with the Board reflecting such compliance. The referee concluded that the respondent's failure to file affidavits with the Board every six months constituted a violation of SCR 21.05(2) and expressed his opinion that, because there was substantial compliance as of the date of the hearing in this matter, such failure to fully comply with one of the provisions of the order does not mandate suspension of the respondent's license pursuant to the terms of that order. The referee recommended that the respondent be publicly reprimanded for unprofessional conduct and that he be required to pay $600 in costs of the disciplinary proceeding.

By order of June 15, 1982, we requested briefs from the respondent and the Board on the question of the appropriateness of the recommended discipline to the pro-

fessional misconduct found by the referee. The Board took the position that, although a suspension of the respondent's license to practice law is not necessary to protect the interests of the public, the fact that the respondent had been previously disciplined for unprofessional conduct and his violation of this court's order imposing discipline indicate the respondent's disregard for or lack of understanding of the high standards required of the legal profession. The Board argued that a brief suspension of the respondent's license to practice law is required in order to deter the respondent and all other attorneys in the state from engaging in like misconduct.

The respondent argued that because this proceeding did not involve the question of his moral fitness or professional competence to practice law and because there is little relationship between his misconduct in this proceeding and the discharge of his duties as a government lawyer, a suspension of his license is not appropriate. He also argued that discipline for the purpose of deterrence as to him is unnecessary because of the unlikelihood that his conduct involving the police officer would be repeated.

The respondent also addressed the issue of costs, arguing that because SCR 21.09 (5) provides for this court's review and determination of appropriate discipline in cases of misconduct, the imposition of costs is solely within the discretion of the referee and not subject to review by the court. He also argued that because the only count of the complaint as to which a deposition was taken and substantial evidence adduced at the hearing was the count on which he prevailed, the assessment of total costs of the proceeding against him would be inappropriate. As to the first argument, the entire disciplinary proceeding, including the referee's assessment of costs, is reviewable by the court. As to the second, we decline

the respondent's invitation to apportion the costs of the proceeding to each count of the complaint.

We hereby adopt the findings, conclusions and, with modification, the recommendation of the referee.

It is ordered that Jan S. Wheeler is publicly reprimanded for unprofessional conduct.

It is further ordered that Jan S. Wheeler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,868.83, provided that if the costs are not paid within 60 days of the date of this order, the license of Jan S. Wheeler to practice law in Wisconsin shall be suspended forthwith.

HEFFERNAN, DAY and CECI, JJ., took no part.