In re John A. BETTS, Debtor,

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ILLINOIS, Plaintiff,

v.

John A. BETTS, Defendant.

Bankruptcy No. 91 B 21706.
Adv. No. 92 A 00325.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 7, 1993.

Ruth A. Howes, Chicago, IL, for Attorney Registration and Disciplinary Com'n of the Supreme Court of Illinois.

Kenneth A. Kozel, LaSalle, IL, for John A. Betts, debtor-defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, incorporated by reference in Federal Rule of Bankruptcy Procedure 7056. For the reasons set forth herein, the Court having considered all the pleadings and exhibits attached thereto, hereby grants the motion for summary judgment filed by the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC") and denies the motion filed by defendant John A. Betts ("Betts").

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these motions for summary judgment pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

On October 11, 1991, the Debtor, a practicing Illinois attorney, filed a pro se Chapter 7 petition. Many of the relevant facts and background are contained in an earlier Opinion authored by the Court. *See Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 142 B.R. 819, 822 (Bankr.N.D.Ill.1992). On March 20, 1992, ARDC filed the instant adversary proceeding to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(7). The

complaint alleges, *inter alia,* that ARDC is the agency established by the Supreme Court of Illinois pursuant to Ill.Rev.Stat. ch. 110(A), para. 751 *et seq.,* to investigate and prosecute allegations of attorney misconduct. The complaint further alleges that the Debtor was licensed to practice law in the state of Illinois and was suspended for a six-month period back in May, 1986 for engaging in attorney misconduct, and was investigated and prosecuted by ARDC. Copies of the relevant Supreme Court of Illinois opinions and orders were attached to the complaint. Additionally, the complaint asserts that Illinois Supreme Court Rule 773 provides that an attorney who is the subject of a disciplinary proceeding that results in the imposition of discipline has a duty to reimburse ARDC for costs incurred. The complaint asserts that ARDC, in conjunction with the investigation and prosecution of the matter which led to the Debtor's suspension, incurred costs in the amount of $3,833.06, which was the subject of an order by the Supreme Court of Illinois entered on June 25, 1991, assessing costs against the Debtor, entering a judgment against him in said amount, and ordering him to pay same within thirty days thereafter. Moreover, the complaint claims that the judgment is unpaid and constitutes a fine, penalty or forfeiture payable to and for the benefit of ARDC as a governmental unit, and accordingly is nondischargeable pursuant to section 523(a)(7).

In his answer, Betts admits that he was suspended from the practice of law for six months by the Supreme Court of Illinois. (Answer to Complaint, ¶ 4, p. 2). He also admits that a judgment for disciplinary costs was entered against him by the Supreme Court of Illinois in favor of ARDC. (Answer to Complaint, ¶ 11, p. 3). Further, Betts admits that he has not paid any part of the $3,833.06 judgment. *Id.* Betts denies, however, that Illinois Supreme Court Rule 773 applies to him, and that the Supreme Court of Illinois had authority to enter the judgment against him pursuant to Rule 773. In addition, Betts sets forth several affirmative defenses, including that he was denied a right to a hearing, and

thus deprived of his due process rights; the Illinois Supreme Court lacked subject matter and personal jurisdiction over Betts; Rule 773 had not been enacted at the time of the disciplinary proceedings involving Betts; attorney disciplinary proceedings are not criminal in nature and thus no fifth amendment rights to due process are available; the alternatives of discipline available do not provide for a monetary penalty in the event of a finding of misconduct, thus costs could never be a fine, penalty or forfeiture; and the costs which ARDC claims to be due are for an actual pecuniary loss, not a penalty against Betts.

After denial of his motion to dismiss, Betts also filed a motion to disqualify this Judge pursuant to 28 U.S.C. § 455, which was denied on August 13, 1992. *See Attorney Registration & Disciplinary Com. of Supreme Court v. Betts,* 143 B.R. 1016 (Bankr.N.D.Ill.1992). ARDC subsequently filed its motion for summary judgment on October 5, 1992. Betts was given leave to respond to the motion by or before November 6, 1992, which he failed to do. Instead, Betts filed a motion to strike and for other relief on November 27, 1992. Betts claims that due to "certain errors, omissions and mistakes of law" it is "impossible" for him to respond to the motion for summary judgment. The Court, however, will consider Betts' motion to strike a response to ARDC's motion for summary judgment. Thereafter, ARDC filed its response to Betts' motion on November 20, 1992. Subsequently, Betts filed a cross motion for summary judgment. Same contains similar ad hominem attacks on this Judge and ARDC as those rejected in the prior Opinions regarding the motion to dismiss and the motion to disqualify. Such arguments are again rejected for the same reasons and will not be further addressed. ARDC responded to the motions to strike and for summary judgment. After this matter was taken under advisement, on January 6, 1993, Betts delivered to the Court a motion for leave to file instanter his response to ARDC's motion for summary judgment which was not noticed for presentment. Thus, pursuant to Local Rule 12(i), the

Court hereby denies the motion. The Court reviewed the response, however, and finds that it contains no new arguments.

## III. APPLICABLE STANDARDS

### A. *Summary Judgment*

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also Donald v. Polk County,* 836 F.2d 376, 378–379 (7th Cir. 1988).

In 1986, the Supreme Court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Asso.,* 806 F.2d 146, 149 (7th Cir.1986)). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Matsushita,* 475 U.S. at 585–586, 106 S.Ct. at 1355–1356. There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the nonmoving party. *Matsu-*

*shita,* 475 U.S. at 587, 106 S.Ct. at 1356. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–250, 106 S.Ct. at 2511 (citations omitted); *see also Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d 656, 659 (7th Cir.1987), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–2553. Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, rather its response must show that there is a genuine issue for trial. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–2553; *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *Patrick v. Jasper County,* 901 F.2d 561, 564–566 (7th Cir.1990).

Moreover, all reasonable inferences to be drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Karazanos v. Navistar International Transportation Corp.,* 948 F.2d 332, 335 (7th Cir.1991); *Davis v. Chicago,* 841 F.2d 186, 189 (7th Cir.1988); *Marine Bank, Nat. Asso. v. Meat Counter, Inc.,* 826 F.2d 1577, 1579 (7th Cir.1987); *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987); *Bartman v. Allis-Chalmers Corp.,* 799 F.2d 311, 312 (7th Cir. 1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (1987); *In re Calisoff,* 92 B.R. 346, 350–351 (Bankr.N.D.Ill.1988). Furthermore, the existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under the applicable law. *Donald v. Polk County,* 836 F.2d at 379; *Wallace v. Greer,* 821 F.2d 1274, 1276 (7th Cir.1987);

*Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.1983) (en banc), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

■ Rule 12(m) of the General Rules of the United States District Court for the Northern District of Illinois adopted by the General Order of the Bankruptcy Court on May 6, 1986, requires that the party moving for summary judgment file a detailed statement of material facts as to which they contend there is no genuine issue. The statement must include specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the summary judgment relief sought. Rule 12(n) requires that the party opposing the motion also file a statement of material facts as to which there is a genuine issue. If the opposing party's Rule 12(n) statement fails to deny the facts set forth in the movant's statement, those facts will be deemed admitted. *See Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992); *Appley v. West,* 929 F.2d 1176, 1180 (7th Cir.1991); *Maksym v. Loesch,* 937 F.2d 1237, 1240–1241 (7th Cir.1991); *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101 (7th Cir.1990); *Skagen v. Sears, Roebuck & Co.,* 910 F.2d 1498, 1500 (7th Cir.1990).

■ Both ARDC and Betts failed to file their required Rule 12(m) statements. Consequently, pursuant to Rule 12(p), the Court may strike the motions or rule on same without further hearing. *See also Deberry v. Sherman Hospital Asso.,* 769 F.Supp. 1030, 1033 n. 2 (N.D.Ill.1991); *Herhold v. Chicago,* 723 F.Supp. 20, 22 n. 1 (N.D.Ill.1989). The Court, however, will not strike or deny either motion for failure to file the Rule 12(m) statements, especially where the material facts are not at issue. Instead, the Court will decide the motions on the merits in order to expedite the matter. *See Illinois Dept. of Lottery v. Marchiando,* 138 B.R. 548, 552 (Bankr.N.D.Ill. 1992), *aff'd,* 142 B.R. 246 (N.D.Ill.1992).

The Court has reviewed the pleadings and exhibits submitted and hereby finds that no genuine issue of material fact exists. Thus, the matter is ripe for determination by summary judgment. The record in this case contains a sufficient portion of the relevant Illinois Supreme Court opinions and orders providing the necessary factual bases and evidence upon which to properly grant summary judgment. Accordingly, ARDC is entitled to summary judgment as a matter of law as discussed hereinafter. Betts' motion, however, is denied.

### B. *11 U.S.C. § 523(a)(7)*

■ The party seeking to establish an exception to discharge of a debt bears the burden of proof. *In re Martin,* 698 F.2d 883, 887 (7th Cir.1983). To prevail, ARDC must establish all necessary elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Torres v. Illinois Dept. of Revenue,* 143 B.R. 183, 185 (Bankr. N.D.Ill.1992). The discharge provisions of section 523 are construed strictly against the creditor and liberally in favor of the debtor. *In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985); *In re Pochel,* 64 B.R. 82, 84 (Bankr.C.D.Ill.1986).

Section 523(a)(7) of the Bankruptcy Code provides as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty....

11 U.S.C. § 523(a)(7). Thus, in order to except this debt from discharge, ARDC must show: (1) the debt is in the nature of a "fine, penalty, or forfeiture;" and (2) ARDC is a "governmental unit."

[6] A governmental unit is defined in 11 U.S.C. § 101(27) as:

United States; States; Commonwealth; District, Territory, municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27). The legislative history states that the definition of "governmental unit" was intended to be construed in the "broadest sense." H.R.Rep. No. 696, 95th Cong., 1st Sess. 311 (1977), reprinted in 1978 U.S.Code & Cong.News 5787, 6268. Several courts have found that state regulatory agencies when enforcing their regulatory powers with respect to attorney disciplinary proceedings constitute "governmental units." *See In re Haberman,* 137 B.R. 292, 294–295 (Bankr.E.D.Wis.1992); *In re Wade,* 115 B.R. 222, 228 (BAP 9th Cir.1990), *aff'd,* 948 F.2d 1122, 1123 (9th Cir.1991); *In re Lewis,* 151 B.R. 200, 202 (Bankr.C.D.Ill.1992). The Court concurs with those decisions and finds that ARDC constitutes a "governmental unit."

 With respect to the element of whether the costs assessed are in the nature of a "fine, penalty or forfeiture," the United States Supreme Court has held that restitution obligations imposed as a condition of probation in state criminal proceedings are not dischargeable under section 523(a)(7). *See Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The issue turns upon whether the fine is compensatory or penal in nature. The Court will follow the logic and reasons enunciated in *Haberman* and *Lewis* which both held that the assessment of a monetary sanction against an attorney with respect to disciplinary proceedings constitutes a "fine, penalty or forfeiture." *Haberman* noted the Seventh Circuit decision in *Zarzynski,* 771 F.2d 304 and the United States Supreme Court decision of *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The *Haberman* court recognized that while those decisions arose in the context of criminal proceedings, application of their underlying rationale to attorney disciplinary proceedings was sensible and not a large step. 137 B.R. at 296. The *Haberman* court stated that "[s]anctions imposed against an offender, whether as part of attorney disciplinary proceedings or criminal proceedings, promote the state's penal and rehabilitative interests." *Id.*

## IV. DISCUSSION

There is no genuine issue as to any of the material facts. The Court finds the undisputed material facts in this matter as follows: Betts was an attorney licensed to practice law in the State of Illinois. He was suspended by the Supreme Court of Illinois for engaging in attorney misconduct. The facts pertaining to Betts' misconduct are found in *In re Betts,* 109 Ill.2d 154, 92 Ill.Dec. 838, 485 N.E.2d 1081 (1985), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1949, 90 L.Ed.2d 358 (1986). The Supreme Court of Illinois assessed costs against Betts in the amount of $3,833.06 pursuant to Illinois Supreme Court Rule 773. The Illinois Supreme Court also entered judgment against Betts and in favor of ARDC in the same amount. Finally, the costs and judgment remain unpaid. Betts has admitted the foregoing facts, but contends that the costs are compensation for ARDC's actual pecuniary loss and are thus dischargeable. Betts further argues that the costs assessed against him by ARDC are not penal in nature because attorney disciplinary proceedings are civil, not criminal.

The Court finds that for purposes of section 523(a)(7), ARDC constitutes a "governmental unit." In addition, the Court finds that the costs assessed against Betts are a fine or penalty because they are penal in nature. Such costs are not compensation for any actual pecuniary loss to ARDC because they are expenses advanced and incurred by ARDC in the disciplinary proceedings against Betts. ARDC's operating expenses are funded through annual registration fees from licensed Illinois attorneys pursuant to Illinois Supreme Court Rule 756. No loss is present, merely a fine or penalty imposed equal to the amount of out-of-pocket expenses actually incurred by ARDC in the disciplinary proceedings against Betts. The Court adopts the logic of Judge Coutrakon in his opinion *In re Lewis.* There, the court held that costs assessed against an attorney for misconduct constitute a part of his punishment for engaging in wrongdoing. Op. at p. 203.

Betts raises several points in his answer to the complaint and in his motion to strike. Many of Betts' arguments constitute a thinly disguised collateral attack on the orders and opinions of the Illinois Supreme Court, which this Court rejects. The bankruptcy court is not the proper forum for Betts to attempt to effectively appeal the decisions of the Illinois Supreme Court. *See generally, Harris Trust & Savings Bank v. Ellis,* 810 F.2d 700, 706 (7th Cir.1987); *In re McHenry,* 131 B.R. 669, 672–673 (Bankr.N.D.Ind.1989). Pursuant to 28 U.S.C. § 1738, federal courts are required to give preclusive effect to state court judgments whenever the courts of the state rendering the judgment would do so. *In re Pahule,* 849 F.2d 1056, 1058 (7th Cir.1988) (citing *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Nevertheless, the Court will address each argument made by Betts.

First, Betts contends that ARDC's reference to the *Haberman* and *Lewis* cases must be stricken, and he questions the existence of these decisions as same are not certified as official publications. Betts cites Federal Rule of Civil Procedure 44(a)(1) which requires that an "official record" be evidenced by an official publication or certification by the officer having legal custody of the document. The Court rejects this argument as disingenuous as it displays a complete lack of understanding of Rule 44. ARDC is not attempting to have the *Haberman* and *Lewis* decisions admitted as substantive evidence to prove this underlying matter. Rather, these decisions are cited as judicial gloss and relevant case authority to support ARDC's position. There is no requirement that same may only be considered when cited from an "official publication" or furnished as authenticated copies so certified by the clerks of the courts in which such opinions were filed. In addition, judicial opinions do not constitute "official records" within the meaning contemplated by Rule 44(a)(1).

Betts further argues that reference to ARDC's pretrial statement and in-corporation by reference of same in the motion for summary judgment must be stricken. Betts maintains that the pretrial statement was due September 15, 1992, and the Court never granted ARDC leave to file the untimely pretrial statement. This argument is also rejected as the Court's Order dated October 2, 1992, states that "the filings submitted are deemed as substantial compliance with the Court's Preliminary Pretrial Order." This Court can properly exercise its discretion to consider late filed pleadings—both ARDC's tardy pretrial statement, as well as Betts' late motion to strike. All pleadings filed by both parties have been duly reviewed and considered.

Additionally, Betts raises the argument that all documents claimed to be certified by Kenneth Jablonski must be stricken because he is not the Clerk of the Illinois Supreme Court. The documents to which Betts refers are Exhibit 2 of ARDC's motion for summary judgment which includes several orders of the Illinois Supreme Court, pleadings filed in the disciplinary action, and ARDC's statement of costs and petition for costs. In response to this argument, ARDC attached to its response to the motion for summary judgment all of the same documents that were attached as Exhibit 2 to its motion for summary judgment, which have now been certified by Juleann Hornyak, who is the Clerk of the Supreme Court of Illinois. The Court finds that these documents are sufficient and will be considered along with all the others attached to ARDC's motion for summary judgment. ARDC correctly notes that Illinois Supreme Court Rule 751 establishes the Attorney Registration and Disciplinary Commission and empowers it with the authority to make rules for disciplinary proceedings, and to authorize the Administrator to, *inter alia,* hire clerical personnel. *See* Ill.Rev.Stat. ch. 110A, para. 751(e)(2) and (4). As set forth therein, the Clerk of the Commission is the person designated by the Administrator to receive, keep and maintain the files, pleadings, records, documents, evidence and other papers. Mr. Jablonski, as such Clerk, keeps and maintains the documents which were attached

as Exhibit 2 to ARDC's motion for summary judgment.

Betts also maintains that Illinois Supreme Court Rule 773 must be "stricken" because it was not the Rule that was in effect at the time of the alleged misconduct because it states "Amended, effective October 13, 1989." Once again, Betts demonstrates his failure to comprehend the application of a rule. The proceeding to assess costs was initiated against Betts on July 13, 1990, when a statement of costs was filed. Judgment was thereafter entered against him on June 25, 1991. Betts' ex post facto argument that Rule 773 was not in effect at that time is patently erroneous and dismissed as unfounded. The Historical and Practice Notes to the Rule indicate that it was originally adopted in 1983, and revised in 1984 and 1986, as well as in 1989. The prior text of Rule 773(d) contained express authority for imposing the costs of a disciplinary proceeding upon the attorney so disciplined.

Finally, Betts makes an unsupported assertion that fees and other compensation should be assessed against ARDC as a sanction. Betts, however, has failed to provide any authority or evidence establishing his entitlement to fees or a sanction. The Seventh Circuit has noted that litigants forfeit their point without providing adequate support and explanation because the Court need not do the moving party's research. *Pelfresne v. Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990). Hence, the Court denies this request.

Accordingly, the Court finds the debt owed to ARDC in the sum of $3,833.06, together with interest from June 25, 1991, at the rate of nine percent per annum (pursuant to Ill.Rev.Stat. ch. 110, para. 2–1303), and costs of this proceeding consisting of the $120.00 adversary filing fee, nondischargeable.

## V. CONCLUSION

For the foregoing reasons, the Court hereby grants the motion of ARDC for summary judgment and finds the debt owed to ARDC in the sum of $3,833.06, plus interest from June 25, 1991, at the rate of nine percent per annum and costs in the sum of $120.00 nondischargeable pursuant to 11 U.S.C. § 523(a)(7). Betts' motion for summary judgment is hereby denied.

This Opinion serves as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.