**In re John A. BETTS, Debtor.**

**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, Plaintiff,**

**v.**

**John A. BETTS, Defendant.**

**Bankruptcy No. 91 B 21706.**
**Adv. No. 92 A 00325.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Aug. 10, 1993.

---

M. Scott Michel, U.S. Trustee.

Ruthe A. Howes, Chicago, IL, for Administrator of Attorney Registration and Disciplinary Com'n.

Kenneth A. Kozel, LaSalle, IL for John A. Betts.

Thomas B. Sullivan, Chicago, IL.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motions of John A. Betts (the "Debtor") to vacate or amend a judgment entered by this Court on January 7, 1993, and for an extension of time to file a notice of appeal. For the reasons set forth herein, the Court hereby denies both motions.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these motions pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

## II. FACTS AND BACKGROUND

Many of the relevant facts and background of this adversary proceeding are contained in an earlier Opinions written by this Court. *See Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 142 B.R. 819 (Bankr.N.D.Ill.1992); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 143 B.R. 1016 (Bankr.N.D.Ill.1992); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 149 B.R. 891 (Bankr. N.D.Ill.1993). The Court previously denied the Debtor's cross-motion for summary judgment and found the debt owed by the Debtor to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (the "ARDC"), in the sum of $3,833.06, plus interest, nondischargeable pursuant to 11 U.S.C. § 523(a)(7) on ARDC's motion for summary judgment.

## III. APPLICABLE STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 59

■ The Seventh Circuit Court of Appeals has instructed courts to treat all substantive post-judgment motions, regardless of their captions, if filed within ten days of judgment, under Rule 59. *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 517 (7th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). Motions made thereafter are considered under the provisions of Rule 60 of the Federal Rules of Civil Procedure, as adopted by Bankruptcy Rule 9024. Because the motion to vacate or amend was served on January 22, 1993, within ten days

of the entry of the judgment, the procedural standards and authorities construing Rules 59 and 9023 appear to control rather than the authorities under Rules 60 and 9024. Under Local Rule 12, however, the motion was not noticed up for presentment in Court until June 18, 1993, and thus not "filed" until June 18, 1993. Consequently, the motion will also be considered against the Rule 60 standards.

■ Motions made under Rule 59 serve to correct manifest errors of law or fact, or to consider the import of newly discovered evidence. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557 (7th Cir.1985); *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984); *F/H Industries, Inc. v. National Union Fire Ins. Co.*, 116 F.R.D. 224, 226 (N.D.Ill.1987). The function of a motion made pursuant to Rule 59(e) is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986); *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D.Ill.1976); *In re BNT Terminals, Inc.*, 125 B.R. 963, 976–977 (Bankr. N.D.Ill.1990). The purpose of a motion to alter or amend "is not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *BNT Terminals*, 125 B.R. at 977. "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *Id.*

### B. FEDERAL RULE OF CIVIL PROCEDURE 60

Federal Rule of Civil Procedure 60(b)(1) as adopted by Federal Rule of Bankruptcy Procedure 9024 provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadver-

tence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgement should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b)(1).

■ The general rule in this circuit is that relief from a judgment under Rule 60(b) for mistake, inadvertence, surprise or excusable neglect is an extraordinary remedy and is granted only in exceptional circumstances. *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 340 (7th Cir.1987); *United States v. One 1979 Rolls–Royce Corniche Convertible,* 770 F.2d 713, 716 (7th Cir.1985); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 (7th Cir.1984). The burden of establishing proper grounds for Rule 60 relief rests upon the movant. *National Bank of Joliet v. W.H. Barber Oil Co.,* 69 F.R.D. 107, 109 (N.D.Ill.1975). A motion under Rule 60(b) is addressed to the sound discretion of the trial judge. *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat,* 902 F.2d 1275, 1277 (7th Cir.1990). The party seeking the relief must demonstrate both a meritorious defense and that one of the conditions of the Rule applies. *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977); *Clergy & Laity Concerned v. Chicago Bd. of Education,* 586 F.Supp. 1408, 1410 (N.D.Ill.1984).

## IV. DISCUSSION

### A. MOTION TO VACATE OR AMEND THE JUDGMENT

■ The Debtor reargues several points earlier raised: (1) that the debt owed to the ARDC by the Debtor, held to be nondischargeable by this Court pursuant to 11 U.S.C. § 523(a)(7), is not in the nature of a fine or penalty, and thus should have been discharged; (2) the Court's reliance on the cited authorities in its January 7, 1993 Opinion was misplaced; (3) this Judge should have recused himself from the proceedings; and (4) ARDC filed a false and misleading certification with the Court when ARDC attached documents to it motion for summary judgment which it claims were certified by a person unauthorized to do so.

Pursuant to Rule 59, the Debtor has not demonstrated any manifest errors of law or fact, or proffered any newly discovered evidence not otherwise available to him at trial which would change any of the Court's findings. In fact, once again the Debtor repeats his ad hominem attack on this Judge. All such arguments have previously been addressed and rejected for the reasons outlined in the Court's prior Opinions, and will not be further reiterated. The Debtor has had his one "bite at the apple." He is not entitled to another bite in this Court.

■ Moreover, the Debtor has failed to establish proper grounds for relief pursuant to Rule 60(b). The Debtor has made no showing that the judgment was void, obtained by fraud, satisfied, that newly discovered evidence came to light, or there was any mistake, inadvertence, surprise or excusable neglect. Therefore, the motion to vacate or amend the judgment is hereby denied.

### B. MOTION FOR AN EXTENSION OF TIME TO FILE AN APPEAL

■ Pursuant to Federal Rule of Bankruptcy Procedure 8002, the Debtor seeks additional time to file an appeal of this Court's Memorandum Opinion and Order dated January 7, 1993. The Opinion and

Order were docketed on January 12, 1993. The Debtor lodged the motion for an extension of time to file an appeal with the Clerk's Office on April 6, 1993. The motion to vacate or amend the judgment was lodged with the Clerk's Office on February 12, 1993. Neither motion was formally "filed" until presentment in Court on June 18, 1993. As the January 7, 1993 judgment will not be final until the disposition of the instant motion to vacate or amend the judgment, the motion for an extension of time to file an appeal is considered within the time frame of Bankruptcy Rule 8002(a).

 Pursuant to Bankruptcy Rule 8002, a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). Subsection (c) thereof provides that the Court may extend the time to file a notice of appeal for an additional twenty days, provided that the Court may not allow more than a total of thirty days for the notice of appeal to be filed after the entry of the judgment. The filing of the motion to vacate or amend the judgment, however, tolls the running of the ten day period contained in Bankruptcy Rule 8002(a). *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986) (attempted intervenor's Rule 59(e) motion tolled time period for filing notice of appeal); *In re Blinder Robinson & Co.*, 132 B.R. 759, 762 (D.Colo.1991).

The time sequence in which the Debtor chose to serve, lodge and subsequently notice up these motions months later for presentment in Court illustrates a blatant abuse of Local Rule 12. As used here, the Local Rule allows a litigant to play fast and loose with the time requirements for presenting motions. In effect, the Debtor has delayed the finality of the Court's January 7, 1993 Opinion by lodging the motion to vacate or amend the judgment, but waiting months to present and file same with the Court. This intentional delay in the presentment of the motions has allowed the Debtor to buy more than sufficient time within which to file an appeal.

The Debtor will be afforded ten days from entry of this Order denying these motions to extend to file an appeal of the Court's January 7, 1993 Opinion in accordance with Bankruptcy Rule 8002(a). The Court will not grant the Debtor any additional time.

## V. *CONCLUSION*

For the foregoing reasons, the Court hereby denies the Debtor's motions to vacate or amend the judgment entered by this Court on January 7, 1993, and for an extension of time to file an appeal.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### *ORDER*

For reasons set forth in a Memorandum Opinion dated the 10th day of August, the Court hereby denies the motion of John A. Betts to vacate or amend a judgment entered by this Court on January 7, 1993, and for an extension of time to file a notice of appeal.