In re John P. DOERR, Debtor.

**STATE BAR OF MICHIGAN, Plaintiff,**

v.

**John P. DOERR, Defendant.**

Bankruptcy No. HG 94–83255.
Adv. No. 94–8377.

United States Bankruptcy Court,
W.D. Michigan.

Aug. 14, 1995.

James A. Engbers, Grand Rapids, MI (appeared) and Marcia L. Proctor, Lansing, MI (briefed), for State Bar of Michigan.

John P. Doerr, Grand Rapids, MI, pro se debtor (briefed, but did not appear).

## OPINION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS

LAURENCE E. HOWARD, Chief Judge.

At a hearing before me on April 3, 1995, I issued an oral bench opinion granting the Plaintiff State Bar of Michigan's motion for summary judgment. The issue presented was whether costs assessed in a disciplinary action taken by a state bar against an attorney are nondischargeable in bankruptcy. Since that particular issue is one of first impression in this district, I have issued this opinion which embodies, in writing, my decision rendered from the bench at that hearing.

## BACKGROUND

The complaint alleged, and the defendant's answer admitted, the following facts. The State Bar of Michigan ("State Bar") is a public body corporate and is a "governmental unit" within the meaning of 11 U.S.C. § 523(a)(7).[1] By order dated June 6, 1994, the Attorney Discipline Board of the State Bar of Michigan ("the Board") revoked the debtor's license to practice law in the state of Michigan. This revocation was effective February 14, 1994. Costs were assessed against the defendant in the disciplinary proceeding in the amount of $275.67 pursuant to Michigan Court Rule 9.128. On July 22, 1994, the debtor filed this chapter 7. On October 6, 1994, the Attorney Discipline Board issued a Certificate of Nonpayment of Costs.

## DISCUSSION

The plaintiff contends that the sole question now before me is whether the costs

assessed by the Attorney Discipline Board are of such a nature that they are nondischargeable in bankruptcy under § 523(a)(7). However, the complaint's prayer for relief sets out only the following four Code sections as basis for relief: §§ 523(a)(6), 523(a)(4), 523(a)(2)(A), and 523(a)(2)(B).

In contrast, the debtor asserts that: 1) the plaintiff did not include § 523(a)(7) in its prayer for relief; and 2) the plaintiff's issuance of the Certificate of Nonpayment of Costs while the automatic stay of § 362 was in place leaves the plaintiff with "unclean hands" such that equitable relief should be denied.

There are, then, two issues to be discussed. The first is whether the plaintiff is entitled to relief under § 523(a)(7) even though it was not specifically included in its prayer for relief. The second issue is whether the costs are such that they are nondischargeable under § 523(a)(7).

*Relief under § 523(a)(7)*

■ It is my opinion that the plaintiff may proceed on its motion for summary judgment based on § 523(a)(7). While that particular subsection may not have been mentioned specifically in the complaint's prayer for relief, the defendant was certainly on notice that the plaintiff intended to seek relief under that section.

Paragraph 9 of the complaint specifically references § 523(a)(7). More importantly, it is apparent from the pretrial in this matter that the basis for this motion would be § 523(a)(7). The pretrial order promulgated by this court specifically states, "plaintiff claims that costs are in the nature of a fine and nondischargeable pursuant to Section 523(a)(7)."

■ Even if the plaintiff had not asked for relief under § 523(a)(7) before the pretrial, I would allow the plaintiff to proceed under that subsection.

Bankruptcy Rule 7016(c)(1) permits the court to take appropriate action with respect to "the formulation and simplification of the

---

1. Unless otherwise noted, all future statutory references are to title 11 of the United States Code,

11 U.S.C. §§ 101–1330, sometimes referred to as the "Bankruptcy Code" or "Code."

issues." Subsection (e) of Rule 7016 provides that the pretrial order "shall control the subsequent course of the action unless modified by a subsequent order." The debtor has never moved to modify or strike the pretrial order.

It has been my practice to utilize the pretrial conference for clarification and simplification of previously filed pleadings. In this instance, it was clear from the pretrial conference that the plaintiff ought to proceed under § 523(a)(7). That was memorialized in the pretrial order and the debtor never objected. For these reasons, I hold that the plaintiff may proceed on its motion for summary judgment as to the § 523(a)(7) issue despite the fact that it did not recite that particular subsection in the complaint's prayer for relief.

The next, and final, issue is whether the costs assessed against the debtor are dischargeable under § 523(a)(7).

*Dischargeability of costs assessed*

■ The State Bar, through its Attorney Discipline Board, brought a disciplinary action against the debtor and suspended him from the practice of law. In addition, the Board entered an order that the debtor pay costs in the amount of $275.67 based on Michigan Court Rule 9.128(A) which reads:

Within 14 days of the conclusion of a hearing before a panel, the grievance administrator shall file with the board an itemized statement of the commission's expenses allocable to the hearing. Copies shall be served upon the respondent and the panel. An itemized statement of the expenses of the board, commission and panel allocable to a hearing must be made a part of the report in all matters of discipline and reinstatement. *The hearing panel and the board in an order for discipline* or an order granting or denying reinstatement *must direct the attorney to reimburse the State Bar of Michigan for the expenses of that hearing, review, and appeal, if any.* Reimbursement must be a condition in a reinstatement order. If the respondent fails to reimburse the State Bar of Michigan for the expenses within the time prescribed, a certified report of the nonpayment must be filed with the Supreme Court, and the State Bar of Michigan, and a copy served upon the respondent. The respondent will be suspended automatically, effective 7 days from the mailing of the certified report, and until the respondent pays the costs or the board approves a suitable plan for payment. Commencing on the date a certified report of nonpayment is filed, interest on the unpaid expenses shall accrue thereafter at the rates applicable to civil judgments. (emphasis added)

MCR 9.218(A).

The plaintiff argues that these assessed disciplinary costs constitute a "fine, penalty or forfeiture" within the meaning of § 523(a)(7) and, as such, are not dischargeable. Section 523 of the Code reads, in part:

(a) A discharge under section 727 . . . of this title *does not discharge an individual debtor from any debt—*

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . . .

In order to except this debt from discharge, the plaintiff must show that the debt is in the nature of a "fine, penalty, or forfeiture" and that the State Bar of Michigan is a "governmental unit." This second point is not in issue as debtor has conceded that the state bar is a "governmental unit."

As for the debt being in the nature of a "fine, penalty, or forfeiture," the plaintiff cites two cases dealing with this same issue from other jurisdictions, namely, *In re Haberman,* 137 B.R. 292 (Bankr.E.D.Wis.1992) and *In re Betts,* 149 B.R. 891 (Bankr.N.D.Ill. 1993) *aff'd.* 157 B.R. 631 (N.D.Ill.1993).

In *Haberman,* an attorney's license to practice was suspended for two years and he was ordered to pay to the state bar the costs of the disciplinary proceeding. Subsequently, the attorney filed a chapter 7 and listed those costs among his debts. *Haberman* dealt directly with the issue of whether the costs imposed were in the nature of a "fine, penalty, or forfeiture." Under the system in place in Wisconsin, "monetary payment" was one type of authorized discipline that could

be taken against an attorney. 137 B.R. at 295.

The *Haberman* court interpreted this provision of the Wisconsin court rules to be "more akin to punishment than to compensation for actual pecuniary loss." 137 B.R. at 295. That court also stated that the reimbursed costs to the review board did not represent any "actual" pecuniary loss because the board was not dependent on reimbursement but rather its funding was provided from state appropriations. 137 B.R. at 295–96.

The *Haberman* court also cited *In re Hollis,* 810 F.2d 106 (6th Cir.1987) which ruled that costs imposed as part of a sentence for a criminal offense constitute a nondischargeable debt under § 523(a)(7). *Hollis,* in turn, relied on the Supreme Court's opinion of *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) which held that a debtor's obligation to make restitution payments as part of a criminal sentence is nondischargeable under § 523(a)(7). 810 F.2d at 108. *Haberman* drew the analogy from criminal proceedings and applied the rationale to attorney discipline proceedings. *Haberman* stated that "[s]anctions imposed against an offender, whether as part of attorney disciplinary proceedings or criminal proceedings, promote the state's penal and rehabilitative interests." 137 B.R. at 296.

The plaintiff also cites *In re Betts,* supra at 149 B.R. 891, in which the Illinois attorney disciplinary commission brought an adversary proceeding to determine dischargeability of a debt under § 523(a)(7). The commission had suspended the attorney from the practice of law for a period of six months and imposed costs against him. The Illinois Supreme Court Rule 773 provided that an attorney who is the subject of a disciplinary proceeding which results in the imposition of discipline has a duty to reimburse the disciplinary commission for costs incurred.

*Betts* adopted the logic and reasoning of *Haberman* and another case, both of which held that the assessment of a monetary sanction against an attorney with respect to disciplinary proceedings constitutes a "fine, penalty or forfeiture." The court reasoned:

> [T]he costs assessed against Betts are a fine or penalty because they are penal in nature. Such costs are not compensation for any actual pecuniary loss to [the commission] because they are expenses advanced and incurred by [the commission] in the disciplinary proceeding against Betts. [The commission's] operating expenses are funded through annual registration fees from licensed Illinois attorneys pursuant to Illinois Supreme Court Rule 756. No loss is present, merely a fine or penalty imposed equal to the amount of out-of-pocket expenses actually incurred by [the commission] in the disciplinary proceedings against Betts.

149 B.R. at 896.

The debtor argues that such "reimbursement" must equate to "pecuniary loss" such that § 523(a)(7) would not apply. I disagree. As is the case in Wisconsin and Illinois, Michigan's attorney disciplinary system is not dependent on the payment of debts for its continued operation.[2] I would agree with the courts which have determined that the imposition of costs constitutes a penalty rather than a reimbursement for pecuniary loss.

In the instant case, the debtor distinguishes *Haberman* and *Betts* by the fact that the attorneys therein received suspensions and not revocations. The debtor also argues that under the Michigan Court Rule, fines "are only enforceable should the respondent seek reinstatement." I do not agree. From the language of the rule itself, it is clear that fines *must* be imposed by the commission in "an order for discipline" *or* "an order granting or denying reinstatement." MCR 9.128(A). This fine must be imposed in both circumstances. Certainly, this is an order for discipline and the commission must direct the attorney to reimburse the State Bar of Michigan for the expenses of that hearing.

Apart from attempting to distinguish cases cited by the plaintiff, the debtor's brief cites only one case to support its position, *State*

2. MCR 9.105 reads, in part, "[t]he legal profession, through the State Bar of Michigan, is responsible for the reasonable and necessary expenses of the board, the commission, and the administrator, as determined by the Supreme Court."

*Bar of Michigan v. Woll,* 387 Mich. 154, 194 N.W.2d 835 (1972). *Woll* recognizes that disbarment proceedings are quasi-criminal in character. *Id.* at 161, 194 N.W.2d 835. The debtor apparently takes the position that the denial of a license to practice one's profession is the penal sanction, and not the imposition of costs.

However, I do not read *Woll* as limiting the penal sanction only to revocation of a license. *Woll* deals with whether the privilege against self-incrimination applies in disbarment proceedings; it does not address whether penal sanctions can contain both a disbarment *and* a monetary component.

## CONCLUSION

■ I adopt the rationale of the *Haberman* and *Betts* cases, supra, and hold that costs assessed by the Michigan Attorney Discipline Board relative to a disciplinary action are a "fine, penalty or forfeiture" for the purposes of 11 U.S.C. § 523(a)(7) and are nondischargeable in a chapter 7 bankruptcy. Further, the actions taken by the Board in issuing a Certification of Nonpayment of Costs to the Supreme Court is permissible under § 362(b)(4) as the "continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" and is not a violation of the automatic stay in this matter.

It is well settled that summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.,* 668 F.2d 905, 908 (6th Cir.1982). I find that the plaintiff is entitled to judgment as a matter of law.

Therefore, for the reasons stated above, the plaintiff's motion for summary judgment is GRANTED. Costs in the amount of $275.67 plus interest as provided by MCR 9.128 are nondischargeable.