In the Matter of Zena D. **CRENSHAW**

No. 45S00–0106–DI–279.

Supreme Court of Indiana.

Oct. 4, 2004.

---

*AMENDED ORDER FINDING MIS-CONDUCT AND IMPOSING DISCIPLINE*

SHEPARD, Chief Justice.

Upon review of the report of the hearing officer, the Hon. Judith Hawley Conley, appointed by this Court to hear evidence on the Disciplinary Commission's two-count *Verified Complaint for Disciplinary Action* and the respondent's petition for this Court to review those findings and conclusions, we find that the respondent engaged in attorney misconduct.

**Facts:** Count 1. Judge Jeffrey Dywan of the Lake Superior Court, Civil Division 1, on May 8, 1997, entered judgment against the respondent and her clients pursuant to Ind.Code Section 34–1–32–1(b)(2) (now I.C. 34–52–1–1(b)(2)) in the amount of $14,134 (representing opposing counsel's attorneys fees) plus costs, payable to counsel and defendants in *Sanchez, et al. vs. Hoffman LaRoche, Inc., et al.* The judgment order determined that the respondent's filing of an amended complaint on behalf of her client and her continuing legal action thereafter was "unreasonable and ground-less." Afterward, the respondent scheduled and held a press conference in Gary, Indiana on June 10, 1997. The June 12, 1997 issue of the *Gary Info* quoted the respondent as saying:

> I contend that Judge Dywan's action was taken against me because of my race which is African American and my sex which is female. This week, I will be forwarding those charges to the Indiana Civil Rights Commission as well as the Judicial Qualifications Commission.

On June 13, 1997, the respondent filed a complaint against Judge Dywan with the Indiana Commission on Judicial Qualifications, which stated in part:

> I hereby charge that the above referenced judge (Jeffery J. Dywan), violated the foregoing provision (Canon 3, subsection B(5) of the Indiana Code of Judicial Conduct) on May 8, 1997 by entering a judgment against me, motivated by unlawful race and/or sex discrimination.

That same day, the respondent also filed a Complaint of Discrimination against Judge Dywan with the Indiana Civil Rights Commission, in which she alleged:

On May 8, 1997, [Judge Dywan] entered a judgment against me for $14,134. together with costs of the action pending before him as Sanchez, et al. vs. Hoffman LaRoche, Inc., et al. . . . Judge Dywan entered this Order against me in clear absence of all jurisdiction, contrary to relevant trial rules and case law, and in violation of my right to due process because of my race, which is Black or African American and/or my sex, which is female; As a direct and proximate result of Judge Dywan's unlawful act of race discrimination against me, I am deterred from practicing law in the Lake Superior Court, Civil Division, Room No. One (1), Sitting at Hammond, Indiana, and effectively denied access to the services and facilities that it makes available to Caucasian attorneys, duly licensed to practice law.

The respondent's statement to the Indiana Civil Rights Commission was sworn to or affirmed under the penalties of perjury.

The Indiana Judicial Qualifications Commission dismissed the respondent's claim against Judge Dywan after initial inquiry. The Indiana Civil Rights Commission did not pursue the respondent's claim against Judge Dywan due to its finding of a lack of jurisdiction over the Lake Superior Court's May 8, 1997 order.

The hearing officer found that the respondent failed to offer any credible or articulable evidence or any believable testimony or documented proof to show that Judge Dywan's award of costs and fees was based on race or gender.

Count II. On August 27, 1998, the respondent filed a civil rights lawsuit, *Crenshaw vs. Dywan, et al.*, in the Lake Superior Court 5. The case was later removed to the United States District Court, Northern District of Indiana, Hammond Division, Judge Rudy Lozano presiding. On December 18, 1998, the respondent filed a motion to disqualify Judge Lozano, which the judge denied on January 22, 1999. On November 9, 1999, the respondent filed a second motion to disqualify Judge Lozano. In that motion, the respondent alleged that, in 1986, the respondent and then-attorney Lozano were opposing counsel in a civil case pending in Lake Superior Court. The respondent alleged further that

Lozano apparently harbors personal animosity against [the respondent] stemming from their interaction as opposing counsel in the case of Ash versus Chandler and that he consciously or unconsciously sanctioned her in 1993 to exact revenge for that encounter . . .

. . .

During a brief exchange in the recessed courtroom of the Lake Superior Court in East Chicago, Indiana, Judge Lozano commented to Ms. Crenshaw that he wished she would "sit on his lap."

Judge Lozano granted the respondent's second motion to disqualify and directed that the case be reassigned to another federal district judge. Judge Lozano found that the allegations of his improper conduct were completely false and that the alleged comment did not occur. He found further that the allegations were made for the improper purpose of manipulating the judicial proceedings in the case. Nonetheless, he granted the second motion to disqualify to avoid the appearance of bias or prejudice.

The hearing officer found that the respondent's allegations concerning Judge Lozano were not supported by the evidence and were totally without merit.

The Disciplinary Commission recommended an unspecified period of suspen-

sion without automatic reinstatement. The hearing officer recommended a 30–day suspension from the practice of law.

**Violations:** The respondent violated Ind.Professional Conduct Rule 8.2(a), which provides that a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge; Prof.Cond.R. 3.1, which provides that a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law; Prof.Cond.R. 3.3(a)(1), which provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal; and Prof.Cond.R. 8.4(d), which precludes a lawyer from engaging in conduct that is prejudicial to the administration of justice.

For the misconduct found herein, we now adopt the hearing officer's recommendation and suspend the respondent from the practice of law for a period of 30 days.

IT IS, THEREFORE, ORDERED that the respondent, Zena D. Crenshaw, is hereby suspended from the practice of law for a period of 30 days, effective October 2, 2004, for the misconduct set forth herein. At the conclusion of this period, she shall be automatically reinstated to the practice of law in this state. Costs of this proceeding are assessed against the respondent. The Clerk of this Court is directed to provide notice of this order in accordance with Ind.Admission and Discipline Rule 23(3)(d) and to Judith Hawley Conley, the hearing officer in this matter.

All Justices concur.