**In the Matter of Zena D. CRENSHAW.**

No. 45S00–0106–DI–279.

Supreme Court of Indiana.

Nov. 12, 2004.

*ORDER ON OBJECTIONS TO AU-*
*TOMATIC REINSTATEMENT*

By order issued on October 4, 2004, this Court suspended the respondent for a period of 30 days, beginning October 2, 2004, for attorney misconduct. On October 4, 2004, this Court issued an order taxing costs of this proceeding against the respondent in the amount of $6,341.36. On October 16, 2004, the respondent filed a motion for reconsideration of the costs order, therein asserting her indigence and asking this Court to approve a modification of that order. The Commission has filed its response to that motion, as well as an objection to the respondent's automatic reinstatement, therein stating that a respondent's failure to pay the costs of a disciplinary proceeding is a basis for objection to automatic reinstatement, pursuant to Ind.Admission and Discipline Rule 23(4)(c). Specifically, the Commission asked this Court to continue the respondent's suspension until she paid $100 in costs owed to the Clerk of this Court and $155.15 in costs owed to the Commission for investigative expenses. As to the remaining $6,086.21 owed to this Court for hearing officer and court reporter expenses, the Commission responds that this Court is better situated to determine how and when these costs are to be paid. By order issued October 29, 2004, this Court extended the respondent's suspension while it held this matter under advisement.

Being duly advised, this Court now finds that the record presented by the respondent, consisting of an unverified statement concerning her inability to pay, and lacking in any supporting evidence regarding her taxable income and the availability of credit, is insufficient to support any waiver of costs owed to this Court in this case. Accordingly, we find further that her suspension from the practice of law in this state should continue until such time as she pays in full the costs taxed against her in this proceeding. Alternatively, should the respondent demonstrate to the satisfaction of the Commission her inability to pay the $6,086.21 in costs due this Court, by, for example, indicating a lack of sufficient income and/or a lack of access to other financial resources that would enable her to satisfy the costs, this Court will consider reinstating the respondent to the practice of law in this state upon such showing and with the concurrence of the Commission.

IT IS, THEREFORE, ORDERED that the respondent's automatic reinstatement to the practice of law in this state is hereby postponed pending her full payment of the costs taxed against her in this proceeding. Alternatively, should the respondent demonstrate to the satisfaction of the Commission her inability to pay the $6,086.21 in costs due this Court, and should the Commission thereupon recommend her reinstatement, this Court will consider permitting the respondent's automatic reinstatement to the practice of law in this state.

The Clerk of this Court is directed to provide notice of this order to the respondent or her attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3).

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., dissents, believing the respondent already has made a sufficient representation of indigency and therefore would grant Respondent's petition to pay

in monthly installments the costs due this Court.