**In re Zena Denise Crenshaw LOGAL, Debtor.**

**Zena Denise Crenshaw Logal, Plaintiff,**

**v.**

**Education Credit Management Corporation, State of Indiana, Supreme Court of Indiana, Defendants.**

**Bankruptcy No. 05–67947 JPK. Adversary No. 06–6045.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

Oct. 25, 2007.

See also 815 N.E.2d 1013; 817 N.E.2d 601

Zena Denise Crenshaw Logal, pro se.

Brian D. Salwowski, Office of the Attorney General, Indianapolis, IN, Stacia Yoon, Genetos Retson Yoon & Molina LLP, Merrillville, IN, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

J. PHILIP KLINGEBERGER,
Bankruptcy Judge.

Issues in this adversary proceeding have been *greatly* confused by the parties' failure to adhere to the Court's order of October 26, 2006. Based upon a preliminary pretrial conference held on October 20, 2006—and the parties' statements at that conference—that order . very specifically set out the course of further proceedings in this case in relation to matters at issue between the plaintiff Zena Denise Crenshaw Logal ("Logal") and the defendants State of Indiana ("Indiana") and the Indiana Supreme Court ("Supreme Court"). This order was not entered in a vacuum; rather, it was entered after a hearing attended by lawyers—the plaintiff individually, and the defendants by counsel.

The October 26, 2006 order directed the following:

> 1.  The Parties were to file a *"stipulation* of all facts deemed by either or both of them necessary to determine the jurisdictional issues raised by the complaint, and the defendants' affirmative defenses—including any claims by the plaintiff of violation of federal or state Constitutional provisions." The order provided that these issues would be submitted on a stipulated record.

What the parties filed on December 18, 2006 was a document which states the sum total of five (5) stipulated facts, followed by separate contentions of fact to which the parties apparently could not agree.

> 2.  The parties were to state a specific designation of "the legal issues to which the stipulation of facts pertains".

What the parties filed on December 18, 2006 was a document which states *no* designation of the legal issues presented to the Court.

In addition, Indiana and the Supreme Court filed a motion to dismiss on January 31, 2007—why they would have filed that motion in the face of the Court's October 26, 2006 order escapes the Court's cognisance.

It apparently didn't occur to the parties that if they couldn't follow the Court's directions regarding a stipulated record— which the parties had advised the Court would not be a problem to create—that one of them should file a motion with the Court which brought this fact to the Court's attention and requested the

Court's advice as to the manner in which the parties might otherwise adhere to an order of the Court. But no, this didn't occur to the lawyers in this case.

There is something to be said for moving matters along despite the parties' inability to comply with a simple procedural order which they endorsed, and that is what the Court chooses to do in this instance. The Court has neither the time, nor the patience, to call the parties to task to clean up the mess they have made of this record. The Court deems the record to be sufficient to address the issues which require addressing.

This memorandum of decision addresses the issues delineated in the October 26, 2006 order, based upon the record as the parties have made it.

This adversary proceeding was initiated by Logal, *pro se,* on February 14, 2006. On July 27, 2006, the Court issued an order which determined that Count II of the original complaint, which was asserted against Indiana and the Supreme Court, failed to state a claim as a matter of law under 11 U.S.C. § 523(a)(15)(A), and which granted the plaintiff leave to file an amended complaint with respect to Count II. On August 24, 2006, Logal filed an amended complaint, containing two counts. The first count requests, pursuant to the undue hardship provision of 11 U.S.C. § 523(a)(8), that Logal be discharged from certain student loan obligations owed to Education Credit Management Corporation.[1] Pursuant to the Court's order of October 26, 2006, the action asserted against Education Credit Management Corporation has been suspended pending further order of the Court. The second count is asserted against Indiana and the

Supreme Court and seeks a determination that certain indebtedness arising out of an attorney disciplinary proceeding, for various constitutional and equitable reasons, is not subject to the discharge exception stated in 11 U.S.C. § 523(a)(7).

Indiana and the Supreme Court filed an answer to the amended complaint on September 11, 2006, which included two designated affirmative defenses. Those defenses are that the amended complaint "fails to state a claim upon which relief can be granted", a defense asserted pursuant to Fed. R. Bank. P. 7012(b)/ Fed.R.Civ.P. 12(b)(6); and that the "Court is without subject matter jurisdiction", a defense asserted pursuant to Fed. R. Bank. P. 7012(b)/ Fed.R.Civ.P. 12(b)(1).

As previously stated, the issues between Logal, and Indiana and the Supreme Court, are subject to the Court's October 26, 2006 order. As that order stated, the issues addressed by this decision are the jurisdictional issues raised by the complaint, and the defendants' affirmative defenses—including any claims by the plaintiff of violation of federal or state Constitutional provisions.

### I. THE RECORD CONSIDERED BY THE COURT

The parties were ordered to file a stipulation of all facts deemed by them necessary to determine the jurisdictional issues raised by the complaint, and the defendants' affirmative defenses—including any claims by the plaintiff of a violation of federal or state constitutional provisions—on a stipulated record. The Court also required that the parties specifically designate the legal issues pertaining to the stip-

---

1. On May 4, 2006, Education Credit Management Corporation filed a Motion to Substitute Party, which stated that it now held most or all of the loans which were once held by

Great Lakes Higher Education Guaranty Corporation. The Court granted that motion by an order entered on July 24, 2006.

ulation of facts. Those issues were to then be submitted to the Court on the stipulated record, without the consideration of any additional evidence with respect to those issues. The defendants were ordered to file their legal memorandum with respect to the issues so designated by January 31, 2007; the plaintiff was to file her response memorandum by March 2, 2007; and the defendants were to file their reply memorandum to the plaintiff's response memorandum by March 26, 2007. Following the Court's determination of the jurisdictional issues, the Court would then schedule a preliminary pre-trial conference to determine the course of further proceedings in this adversary proceeding.

The foregoing parameters established by the Court were not followed. On January 31, 2007, Indiana and the Supreme Court filed a Motion to Dismiss and a memorandum in support thereof rather than filing just a brief; and to date Logal has failed to file a response or brief of any kind. As for the "stipulation", filed on December 18, 2006, it is readily apparent that the parties were unable to agree on a majority of the facts surrounding this case. The following are the facts to which the parties *were* able to stipulate:

1. Plaintiff was admitted by the Indiana Supreme Court to practice law in Indiana on October 12, 1984.

2. On October 4, 2004, the Indiana Supreme Court issued an order taxing costs of the proceeding against the Plaintiff in the amount of $5,341.36 due to be paid in three separate checks and transmitted to the Disciplinary Commission of the Indiana Supreme Court as follows:

   a. One (1) check payable to the Supreme Court Disciplinary Commission for Investigative Expenses of $155.15.

   b. One (1) check payable to the Clerk of the Supreme Court for Court Costs of $100.00.

   c. One (1) check payable to the Supreme Court of Indiana for Hearing Officer and Court Reporter Expenses of $6,086.21.

   *In the Matter of Zena D. Crenshaw,* 45S00–0106–DI–279 (Ind.10/4/2004)

3. Specifically, the Indiana Supreme Court found the Plaintiff engaged in attorney misconduct and adopted the hearing officer's recommendations and suspended Plaintiff from the practice of law for a period of 30 days. *In the Matter of Zena D. Crenshaw,* 815 N.E.2d 1013 (Ind. 2004)

4. Plaintiff paid the $155.15 due to the Supreme Court Disciplinary Commission for Investigative expenses on December 1, 2004.

The rest of the "stipulation" is useless.

In order to determine the issues as addressed by the October 26, 2006 order, the Court deems it appropriate to adopt the standards applicable to Fed.R.Bankr.P. 7012(b)/Fed.R.Civ.P. 12(b)(6) motions.

Fed.R.Bankr.P. 7012(b) makes Rule 12(b)(6) of the Federal Rules of Civil Procedure applicable to adversary proceedings, which provides that a defendant may seek to challenge a complaint by asserting that it fails "to state a claim upon which relief can be granted". The applicable standard for considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6) requires the Court to accept all well pleaded factual allegations in the complaint as true; *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). The pleadings and all reasonable inferences drawn from the pleadings must be construed in a light most favorable to the nonmoving party; *In re Chinin U.S.A., Inc.,* 327 B.R. 325, 331 (Bankr.N.D.Ill.2005) (*cit-*

*ing, Prince v. Rescorp Realty,* 940 F.2d 1104 (7th Cir.1991)); *Janowsky v. United States,* 913 F.2d 393(7 th Cir.1990); *Rogers v. United States,* 902 F.2d 1268 (7th Cir. 1990); *Craigs, Inc. v. General Electric Capital Corp.,* 12 F.3d 686, 688 (7th Cir. 1993). However, this Court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992). Dismissal with prejudice is only appropriate if it appears that no set of facts could entitle the plaintiff to relief. *In re Chinin U.S.A., Inc.,* 327 B.R. at 331 (*citing, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

The Court thus sets forth the "factual" allegations of Logal's complaint:[2]

9. Specifically, the State of Indiana by its Supreme Court determined that said debtor/plaintiff as respondent in attorney disciplinary action number 45S00–0106–DI–279, violated certain rules of professional conduct as follows:

· · · · ·

**Violations:** The respondent violated Ind. Professional Conduct Rule 8.2(a), which provides that a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge; Prof. Cond. R. 3.1, which provides that a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension,

modification or reversal of existing law; Prof. Cond. R. 3.3(a)(1), which provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal; and Prof. Cond. R. 8.4(d), which precludes a lawyer from engaging in conduct that is prejudicial to the administration of justice.

· · · · ·

*In the Matter of Zena D. Crenshaw,* No. 45S00–0106–DI–279 before the Supreme Court of Indiana, *Order of 10/4/04,* p 3.

10. Costs of the underlying proceedings were assessed against her;

11. On November 12, 2004, the Supreme Court of Indiana ruled as follows with regard to the current debtor/plaintiff:

· · · · ·

the respondent's automatic reinstatement to the practice of law in this state is hereby postponed pending her full payment of the costs taxed against her in this proceeding. Alternatively, should the respondent demonstrate to the satisfaction of the Commission her inability to pay the $6,086.21 in costs due this Court, and should the Commission thereupon recommend her reinstatement, this Court will consider permitting the respondent's automatic reinstatement to the practice of law in this state.

· · · · ·

*In the Matter of Zena D. Crenshaw,* No. 45S00–0106–DI–279 before the Supreme Court of Indiana, *Order of 11/12/04,* p 2.

**2.** Rhetorical paragraphs 9–16 of Count I of the amended complaint are incorporated into Count II by rhetorical paragraph 1 of Count II. All of the other paragraphs of the amended complaint are deemed by the Court to be legal allegations or argument, as contrasted to factual allegations.

12. The referenced Commission is the Disciplinary Commission for the Supreme Court *of* Indiana;

13. The Commission recently notified the plaintiff that the aforementioned "... costs are not part of the penalty of the action":, citing *In re Betts,* 157 B.R. 631 (N.D.Ill.1993), apparently to support that proposition;

14. The Commission is reportedly of the position "... that the non-dischargeability of the costs assessed as part of (the debtor/plaintiffs) discipline case precludes (her) reinstatement until they are paid in full";

15. Of course on December 6, 2004, she was suspended from the U.S. District Court for the Northern District of Indiana "... until such time as she complies with the orders of the Indiana Supreme Court, at which time she may apply to (the district court) for reinstatement pursuant to the court's Local Rules of Disciplinary Enforcement" which anticipate the imposition of costs. *In the Matter of Zena D. Crenshaw,* No. 3:04–MC–34 RM before the U.S. District Court of N. Dist. *Of* 1 N, Order of 12/6/04;

16. The debtor/plaintiff is accordingly barred from all courts before which she would normally practice law as a life-time resident of Lake County, Indiana;

.    .    .    .    .

41. The debtor/plaintiff has no income to pay the referenced costs and has no prospect of paying them even through installments before she is of more advanced age;

42. They have already prompted her exclusion from the Indiana bar and that of the U.S. District Court for the Northern District of Indiana for nearly two (2) years based on purported

misconduct meriting a thirty (30) day suspension;

II. *ANALYSIS*

The assertions of Logal's complaint are scattered and thus very difficult to articulate. The essentials of her assertions— *most* liberally construed in her favor— appear to be that her obligation ["debt" in the context of 11 U.S.C. 101(12)] for costs arising out of an attorney disciplinary proceeding, assessed against her by the Indiana Supreme Court, raise legal issues under 11 U.S.C. § 523(a)(7) and certain Constitutional questions.

While nearly impossible to delineate— which is why the Court required the parties to specifically designate the legal issues presented in the October 26, 2006 order—the Court deems the issues to be the following:

1. Whether the "debt" of Logal to the Supreme Court is a debt excepted from discharge under 11 U.S.C. § 523(a)(7) [ an issue which must be addressed given the scattered nature of Count II of the amended complaint].

2. Whether a rule of the Supreme Court impinges upon Logal's rights to freedom of speech under Article I of the federal Constitution [Paragraph 34 of the amended complaint].

3. Whether this Court should independently determine Logal's financial circumstances with respect to her ability to pay the Supreme Court's monetary sanction [Paragraph 39 of the amended complaint].

4. Whether a rule of the Supreme Court which conditions a lawyer's ability to practice her profession on her payment of a monetary sanction violates an unspecified provision of the federal Constitution [Paragraph 42 of the amended complaint].

5. Whether 11 U.S.C. § 523(a)(7) is in accord with the federal Constitution due to its non-inclusion of a financial hardship provision akin to that provided by 11 U.S.C. § 523(a)(8) *[very* generously derived from the assertions of Count II of the amended complaint, and from Logal's "Plaintiffs [sic.] Notification of Claim of Unconstitutionality" filed on August 24, 2006].

▮▮ With respect to issue 1—Logal's potential challenge to whether the debt asserted against her by the Supreme Court is excepted from discharge under 11 U.S.C. § 523(a)(7)—Logal does not expressly challenge whether the debt for the costs, imposed by the Supreme Court, is a non-dischargeable penalty as contemplated by 11 U.S.C. § 523(a)(7). This is for the better, as courts in this Circuit have held that an assessment of a monetary sanction, including the costs of the proceeding, against an attorney arising out of a disciplinary action constitutes a fine, penalty or forfeiture within the meaning of § 523(a)(7). *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Betts,* 149 B.R. 891 (Bankr.N.D.Ill.1993). The Court determines that to the extent that Logal asserts that the costs imposed by the Supreme Court are not within the scope of 11 U.S.C. § 523(a)(7), she has failed to state a claim upon which relief may be granted, and that the affirmative defense of the defendants in this context is sustained under Fed. R. Bank. P. 7012(b)/ Fed.R.Civ.P. 12(b)(6).

▮▮ Next is whether a rule of the Supreme Court impinges upon Logal's rights to freedom of speech under Article I of the federal Constitution [Paragraph 34 of the amended complaint]. In paragraph

34 of her amended complaint, Logal states, "Indiana Admission and Discipline Rule 23 § (21)(j) is particularly threatening in disciplinary actions prescribing a lawyer's First Amendment rights", thus apparently asserting—by reading Count II as a whole—that the imposition of costs by the Supreme Court in its disciplinary proceeding impacted upon her freedom of speech as she does not have the pecuniary means to pay the costs, and resultantly to be reinstated to the bar.[3] Logal's contention in this context challenges the application by the Supreme Court of its rules in the circumstances of the Supreme Court's entry of a judgment under that rule. Under 28 U.S.C. § 1738, federal courts are required to give preclusive effect to state court judgments whenever courts of the state rendering the judgment would do so. *Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois v. Betts,* 149 B.R. 891, 897 (Bankr. N.D.Ill.1993) *[citing, Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *In re Pahule,* 849 F.2d 1056, 1058 (7th Cir.1988)]. Clearly, the judicial determination of the Supreme Court in imposing costs upon Logal under whatever rule Logal may have meant to challenge is a final judgement under Indiana law, and Logal's failure to appeal the judgment through the Indiana appellate process does not negate that fact. The judicial determination of the Supreme Court is thus the highest level determination which Logal has sought in Indiana's framework of judicial determination review. 28 U.S.C. § 1257 provides in pertinent part:

(a) Final judgments or decrees rendered by the highest court of a State in

---

**3.** The Court was unable to find any reference to Rule 23 § (21)(j) in the Indiana Rules of Admission and Discipline. Rule 23(§ 4) discusses the payment of costs as a predicate to reinstatement. However, as the Court is rejecting the plaintiff's constitutional challenge, the specific rule to which the plaintiff is referring is irrelevant.

which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

In other words, only the United States Supreme Court has the Congressional and Constitutional authority to review state proceedings in this context. U.S. Const. Art. III, § 2; 28 U.S.C. § 1738; *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir.1996). Consequently, if it is Logal's position that Indiana or the Supreme Court in some way violated her constitutional rights or that the process the State undertook in suspending her law license violated some Constitutional principle, then her remedy is to petition the United States Supreme Court for a *writ of certiorari*. With respect to issue 2 designated above, the Court determines that the affirmative defense of the defendants in this context is sustained under Fed. R. Bank. P. 7012(b)/ Fed.R.Civ.P. 12(b)(1).

▮▮▮ Next is whether this Court should independently determine Logal's financial circumstances with respect to her ability to pay the Supreme Court's monetary sanction; [Paragraph 39 of the amended complaint]. In this context, Logal appears to seek to set forth challenges to the determinations of the Supreme Court concerning excusing her from paying assessed costs. In the published decision of *In the Matter of Zena D. Crenshaw*, 817 N.E.2d 601 (Ind.2004), referenced in paragraph 11 of the amended complaint, the Supreme Court affirmed an order taxing costs against Logal, and held:

> [T]hat the respondent's automatic reinstatement to the practice of law in this state is hereby postponed pending her full payment of the costs taxed against her in this, proceeding. **Alternatively, should the respondent demonstrate to the satisfaction of the Commission her inability to pay the $6,086.21 in costs due this Court, and should the Commission thereupon recommend her reinstatement, this Court will consider permitting the respondent's automatic reinstatement to the practice of law in this state.** (Emphasis added)

*Crenshaw*, 817 N.E.2d at 601. The decision of the Supreme Court established the manner in which Logal could assert her asserted "inability to pay" contention, and apart from any other legal considerations which preclude the Court from exercising jurisdiction over Logal's request that the Court independently determine her inability to pay the state imposed costs due to her failure to exhaust this state-provided remedy, the Court's jurisdiction over her request for this form of relief is precluded by the *Rooker–Feldman* doctrine. A federal court must examine the application of the *Rooker–Feldman* doctrine in the context of Logal's assertions to determine whether it is precluded from reviewing a determination made by a state court. The doctrine has been stated as follows:

> Th[e] *[Rooker–Feldman]* doctrine articulates the limitations on the district court's power to review state court civil proceedings, and holds that since Congress vested district courts only with original jurisdiction, lower federal courts have no jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state

court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Thus, "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations," *Ritter v. Ross,* 992 F.2d 750, 753 (7th Cir.1993) (quoting *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 21, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)) (Brennan concurring), *cert. denied,* 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994), or to consider collateral attacks on state court civil judgments. *GASH Associates v. Village of Rosemont, Illinois,* 995 F.2d 726, 727 (7th Cir.1993). Beyond the limited authority to examine state judicial proceedings pursuant to habeas corpus review of certain custodial situations, *see, e.g.,* 28 U.S.C. § 2241, district courts have no authority to review the proceedings or final judgments of state courts. *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303. As a result, litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court. *See, e.g., Wright v. Tackett,* 39 F.3d 155, 157–58 (7th Cir.1994), *cert. denied,* 513 U.S. 1150, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995), *Garry v. Geils,* 82 F.3d 1362, 1368 (7th Cir.1996). Indeed, only the Supreme Court has congressional and constitutional authority to review state proceedings. U.S. Const. art. III, § 2; 28 U.S.C. § 1257. Federal district and appellate courts have no jurisdiction over such appeals.

*Wellman v. Murphy, et al.,* 90 F.3d 1225, 1230 (7th Cir.1996). The mechanism for Logal's assertion of her inability to pay the state imposed sanction having been determined by the Supreme Court's decision, this Court is without jurisdiction to review that decision. The defendants' affirmative defense under Fed. R. Bank. P. 7012(b)/

Fed.R.Civ.P. 12(b)(1) is sustained with respect to the third designated issue above.

As designated as issue 4 above, the issue is whether a rule of the Supreme Court which conditions a lawyer's ability to practice her profession on her payment of a monetary sanction violates an unspecified provision of the federal Constitution [Paragraph 42 of the amended complaint].

In paragraph 42 of the amended complaint, Logal states:

42. "The question before us, therefore, goes to the constitutionality of (any) law that categorically prevents a (lawyer from being reinstated to the bar) on the sole ground that (she cannot pay the costs of professional disciplinary action against her)." *See, Groppi v. Wisconsin,* 400 U.S. 505 at 507–508, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971);

There is no such law. The Supreme Court has provided a mechanism for Logal to establish her financial circumstances in order to reinstate her licence despite the imposition of a monetary penalty. There is no evidence in this record that Logal has sought to avail herself of this mechanism, or has been somehow denied access to this mechanism. There is no viable federal Constitutional challenge in this context, and the defendants' affirmative defense under Fed.R.Bankr.P. 7012(b)/Fed.R.Civ.P. 12(b)(6) is sustained with respect to the fourth designated issue above.

■■ This brings us to paragraph 43 of the amended complaint. Although totally inartfully pleaded, this assertion can be read—and it must be liberally read—to assert a federal constitutional challenge to the basic Constitutionality of 11 U.S.C. 523(a)(7). *Most* liberally construed, Logal appears to challenge the conformity of 11 U.S.C. § 523(a)(7) with the federal Consti-

tution. While her challenge is not at all articulated, it is there.[4] However, this "challenge" is not directed to the defendants Indiana and/or the Supreme Court. Thus, Logal's complaint may proceed with respect to her "challenge" to 11 U.S.C. 523(a)(7) without those defendants' further direct involvement. If the "challenge" to the statute is sustained, then the "debt" owed by Logal to the Supreme Court will be subject to further determination regardless of the further involvement of the defendants at this stage of the proceedings, and the Court will then establish a mechanism for the submission to this Court of evidence relating to the "financial hardship" issue which Logal may be seeking to engraft onto section 523(a)(7). If the "challenge" is denied—as frankly it will be—then the defendants were never necessarily involved in the further proceedings.

As stated above, the Court determines that all claims asserted by Logal against the defendants State of Indiana and the Indiana Supreme Court fail either for lack of subject matter jurisdiction or for failure to state a claim with respect to which relief may be granted. Those defendants are entitled to judgment with respect to all claims asserted against them by the amended complaint.

However, Logal's amended complaint, *MOST GENEROUSLY CONSTRUED,* seems to assert that 11 U.S.C. § 523(a)(7) is invalid under the federal Constitution, apparently in its failure to engraft a provision similar to that of 11 U.S.C. § 523(a)(8) by which a debtor may demonstrate that inability to pay a debt within the provisions of § 523(a)(7) should entitle a debtor to discharge of that debt. The Court deems this assertion to independently call into question the constitutionality of an Act of Congress, requiring the application of 28 U.S.C. § 2403(a), for which the Court has provided by separate certification and order.

### III. CONCLUSION

IT IS THEREFORE ORDERED that based upon the foregoing, Count II of the plaintiff's complaint is hereby DISMISSED with prejudice as to the State of Indiana and the Indiana Supreme Court, subject, however to the potential determi-

---

4. As an aside, Logal's law license has not been suspended by operation of § 523(a)(7). Instead, this was the result of an action taken by Indiana and the Supreme Court. Even though her debt will not be discharged, Logal has a potential remedy and may be able to file a petition with the appropriate state authority for reinstatement of her license. In the published decision of *In the Matter of Zena D. Crenshaw,* 817 N.E.2d 601 (Ind.2004), after the Supreme Court issued an order taxing costs against Logal, she sought reconsideration. Although Logal's petition was denied, the Court held:

> [T]hat the respondent's automatic reinstatement to the practice of law in this state is hereby postponed pending her full payment of the costs taxed against her in this, proceeding. **Alternatively, should the respondent demonstrate to the satisfaction of the Commission her inability to pay the**

**$6,086.21 in costs due this Court, and should the Commission thereupon recommend her reinstatement, this Court will consider permitting the respondent's automatic reinstatement to the practice of law in this state.** (Emphasis added)
*Crenshaw,* 817 N.E.2d at 601.

The record is devoid of evidence that Logal made any effort whatsoever to establish her inability to pay the State Commission. Apart from any other legal considerations which preclude the Court from exercising jurisdiction over Logal's request that the Court independently determine her inability to pay the state imposed costs, her failure to exhaust this state-provided remedy precludes the Court's jurisdiction over her request for this form of relief, a proposition so apparent that the Court will not waste its efforts finding a citation of authority for it.

nation that 11 U.S.C. § 523(a)(7) is unconstitutional under the federal Constitution.

IT IS FURTHER ORDERED that the course of further proceedings with respect to Logal's assertion of the unconstitutionality of 11 U.S.C. § 523(a)(7), as that assertion is outlined above, is the subject of a separate order and a separate notice to the United States pursuant to 28 U.S.C. § 2403(a).